IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILMER H. CUMMINGS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-731-TLW |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Wilmer H. Cummings, Jr. seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), and Fed. R. Civ. P. 73, the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 12). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**INTRODUCTION**

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if

the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## BACKGROUND

Plaintiff, then a fifty-two year old male, completed his applications for Titles II and XVI benefits on October 14, 2010. (R. 135-42). Plaintiff initially alleged a disability onset date of January 9, 2009. (R. 135, 141). Plaintiff claimed that he was unable to work due to symptoms and limitations associated with diabetes; glaucoma and vision problems; neuropathy; high blood pressure; "sleep problems"; anger issues; mood swings; depression; and chronic pain. (R. 161). Plaintiff's claims for benefits were denied initially on April 5, 2011, and on reconsideration on August 29, 2011. (R. 71-79, 82-87). Plaintiff then requested a hearing before an administrative law judge ("ALJ"), and the ALJ held the hearing on June 12, 2012. (R. 29-61). During the hearing, plaintiff amended his alleged onset date to July 1, 2010. (R. 33, 44). The ALJ issued a decision on July 11, 2012, denying benefits and finding plaintiff not disabled. (R. 9-23). The Appeals Council denied review, and plaintiff appealed. (R. 1-5; dkt. 2).

**The ALJ's Decision**

The ALJ found that plaintiff had not performed any substantial gainful activity since his amended alleged onset date of July 1, 2010. (R. 14). At step two, the ALJ found that plaintiff had the severe impairments of "diabetes mellitus; peripheral neuropathy; hypertension; adjustment disorder, mixed; mood disorder; and cocaine dependence in reported remission." Id. The ALJ determined that the severity of plaintiff's alleged impairment of glaucoma was not supported by the medical evidence, therefore he found it a non-severe impairment. Id.

2

At step three, the ALJ determined that plaintiff's impairments did not meet or equal a listed impairment. (R. 15-16). Therefore, after reviewing plaintiff's testimony, the medical evidence, and other evidence in the record, the ALJ concluded that plaintiff retained the RFC to:

> perform light and sedentary work as defined in 20 CFR 404.1567(b) and 416.967(b) with no more than the occasional lifting up to 20 pounds, no more than the frequent lifting or carrying up to 10 pounds; standing/walking 6 hours out of an 8-hour workday; sitting 6 hours out of an 8-hour workday; all postural activities no more than occasional; no exposure to hazards such as unprotected heights and being around dangerous moving machinery but able to understand, remember, and carry out simple and some complex instructions and able to relate and interact with coworkers and supervisors on a work-related basis only with no or minimal interaction with the general public. The claimant can adapt to a work situation with these limitations/restrictions, and his medications would not preclude him from remaining reasonably alert to perform required functions presented in a work setting.

(R. 16). At step four, the ALJ found that plaintiff was not capable of performing his past relevant work as a warehouse worker because it exceeded his RFC. (R. 22). At step five, the ALJ determined that plaintiff could perform the representative jobs of merchandise marker (unskilled, light, SVP 2); hand bander (unskilled, light, SVP 2); hand polisher (unskilled, sedentary, SVP 2); and bench hand (unskilled, sedentary, SVP 2). (R. 22-23). Because he found that plaintiff could return to his past relevant work, the ALJ determined that he was not disabled. (R. 23).

## ANALYSIS

On appeal, plaintiff raises three issues: (1) that the ALJ failed to properly consider the treating physician opinion of Dr. Fox; (2) that the ALJ failed to properly consider plaintiff's credibility; and (3) that the ALJ's RFC assessment is not supported by substantial evidence.[1] (Dkt. 19 at 4).

---

[1] Plaintiff frames this error as an error at step five of the sequential evaluation process, where the burden of proof falls to the Commissioner, but plaintiff actually argues that the ALJ failed to include any limitation for his non-severe impairment of glaucoma. See (Dkt. 16 at 8-10). The burden of establishing a disability remains with plaintiff at this step.

3

**Treating Physician's Opinion**

The record shows that Mark D. Fox, M.D. treated plaintiff at Neighbor for Neighbor from March 2010 to May 2012. (R. 276-88, 296, 303-04). Plaintiff consistently complained of pain in his feet from diabetic neuropathy. Dr. Fox completed a "Medical Source Opinion of Residual Functional Capacity" form on May 2, 2012, opining that plaintiff could stand and/or walk less than two hours of an eight-hour workday, and that plaintiff was limited to lifting and/or carrying less than ten pounds. (R. 304). Dr. Fox listed "diabetic neuropathy [and] claudication" as medical findings that supported his opinion. Id.

The ALJ afforded Dr. Fox's opinion "little weight" because "it is not consistent with the overall record." (R. 21). Plaintiff argues that the ALJ failed to explain how Dr. Fox's medical opinion was inconsistent with the overall record. (Dkt. 16 at 4). The Commissioner creates a strong link between the medical evidence discussed by the ALJ and the ALJ's decision to give Dr. Fox's opinion "little weight." In fact, were the Commissioner's reasoning included in the ALJ's decision, there would be no error. See (Dkt. 17 at 3-4). However, the ALJ did not provide this reasoning in his decision. Id.

Ordinarily, a treating physician's opinion is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2); see also Hackett v. Barnhart, 395 F.3d at 1173-74 (citing Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003)). If the ALJ discounts or rejects a treating physician opinion, he is required to explain his reasoning for so doing. See Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987) (stating that an ALJ must give specific, legitimate reasons for disregarding a treating physician's opinion); Thomas v. Barnhart, 147 Fed.Appx. 755, 760 (10th Cir. 2005) (holding that an ALJ must give "adequate reasons" for rejecting an

examining physician's opinion and adopting a non-examining physician's opinion). The reasons must be of sufficient specificity to make clear to any subsequent reviewers the weight the adjudicator gave to the treating physician's opinion and the reasons for that weight. See Anderson v. Astrue, 319 Fed.Appx. 712, 717 (10th Cir. 2009) (unpublished).[2]

Here, the ALJ assigned "little" weight to Dr. Fox's opinion, and simply stated that the opinion was "not consistent with the overall record." (R. 21). By assigning "little" weight, the ALJ did not afford the opinion "controlling" weight. Thus, the ALJ was required to clearly explain the weight given the opinion. See 20 C.F.R. §§ 404.1527, 416.927; Anderson, 319 Fed.Appx. at 717. Although the ALJ discussed some evidence in the record that conflicts with Dr. Fox's opinion, and some evidence that lends support to Dr. Fox's opinion, he did not link any of that evidence to his weight determination. (R. 20-21). The Tenth Circuit does not allow the District Court to fill in the blanks. See Haga v. Astrue, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (finding that the "court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."). Therefore, this issue must be remanded to the Commissioner so that the ALJ can perform a proper treating physician analysis of Dr. Fox's opinion by explaining his reasoning.

**RFC**

Plaintiff argues that the ALJ failed to include any discussion of his reduced vision due to glaucoma in his hypothetical question to the vocational expert and in the formulation of plaintiff's RFC. (Dkt. 16 at 8-9). The Commissioner counters that the ALJ only needed to provide limitations for those impairments he found were supported by substantial evidence. (Dkt. 17 at 7). The Court agrees with plaintiff's argument.

---

[2] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

5

At step four, the ALJ must determine plaintiff's residual functional capacity, which reflects the most a claimant can do despite her limitations. See 20 C.F.R. § 404.1545(a)(1); SSR 96-8p. The ALJ must consider all of a claimant's medically determinable impairments, whether they are severe or not severe. See 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). The Tenth Circuit has held that "failure to consider all of the impairments is reversible error." Salazar v. Barnhart, 468 F.3d 615, 621 (10th Cir. 2006). The residual functional capacity findings "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p.

Here, the ALJ found that plaintiff's glaucoma was non-severe with no further discussion. The ALJ did not include any limitation on visual acuity to the vocational expert at the hearing, therefore, the ALJ failed to include this non-severe impairment in plaintiff's RFC. Plaintiff is correct that the jobs found by the vocational expert require some level of sufficient visual acuity, and the impact of plaintiff's impaired vision, rated by the Commissioner's consultative examiner as 20/50, could reasonably affect the jobs found. (R. 235). The regulations are clear that an ALJ must include *all* impairments in formulating a claimant's residual functional capacity; therefore, this issue is also remanded to the Commissioner with instruction for the ALJ to either include some limitation to account for plaintiff's non-severe impairment of glaucoma, or explain why no limitation was necessary. See 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

**Credibility**

Plaintiff argues that the ALJ erred in assessing plaintiff's credibility because he faulted plaintiff for mowing lawns prior to his onset date, and because he collected unemployment. Plaintiff also argues that the ALJ misconstrued the timeline of his drug use in a report to the

consultative examiner. (Dkt. 16 at 6). The Commissioner contends that the ALJ's credibility analysis is proper. (Dkt. 17 at 5-6).

This Court is not to disturb an ALJ's credibility findings if they are supported by substantial evidence because "[c]redibility determinations are peculiarly the province of the finder of fact." Cowan v. Astrue, 552 F.3d 1182, 1190 (10th Cir. 2008) (citing Diaz v. Secretary of Health & Human Svcs., 898 F.2d 774, 777 (10th Cir. 1990)). Credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Id. (citing Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted)). The ALJ may consider a number of factors in assessing a claimant's credibility, including "the levels of medication and their effectiveness, the extensiveness of the attempts . . . to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, . . . and the consistency or compatibility of nonmedical testimony with objective medical evidence." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

The ALJ must link his credibility findings to the evidence. See Kepler, 68 F.3d at 291. The ALJ is not required to conduct a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2004). However, the ALJ is not allowed to "pick and choose" only evidence favorable to his decision. Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004).

Here, the record and plaintiff's testimony show that the last time he mowed lawns was in early summer, 2010. (R. 45-46, 171). He no longer mowed yards because of pain from neuropathy. Id. Plaintiff also testified that he attempted to find work after applying for unemployment benefits. He attended "some interviews," but because his activity was restricted, he was not hired. (R. 35-36, 211). The ALJ's reliance on this remote evidence to discredit

7

plaintiff's complaints is not sufficient to support his credibility findings. See Hardman, 362 F.3d at 681.

The record shows that plaintiff did discuss his drug use with Dr. Morgan, stating he used cocaine for five years starting at age 45. (R. 244). He reported sobriety beginning at age 50. This is not inconsistent with his reported sobriety of 3 years at the time of the consultative examination. Id. The Commissioner is correct that plaintiff failed to disclose his prior legal issues to providers at Family and Children's Services. However, because the ALJ represented activity prior to plaintiff's onset date as current activity, the credibility determination is not supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the ALJ's decision finding plaintiff not disabled is **REVERSED and REMANDED** for further proceedings. Specifically, the ALJ should perform a proper analysis of Dr. Fox's treating physician opinion, either include a limitation for plaintiff's glaucoma or explain his reasoning for finding that plaintiff suffered no visual limitations, and perform a proper credibility analysis.

SO ORDERED this 26th day of March, 2015.

T. Lane Wilson
United States Magistrate Judge